**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Robert E. Blackburn**

Civil Action No. 13-cv-03292-REB

JAMES SIDNEY TRIGGS,

      Applicant,

v.

STATE OF COLORADO,
LARIMER COUNTY,
JOHN SUTHERS, the Attorney General of the State of Colorado, and
LOU ARCHULETA, Warden, Fremont Correctional Facility,[1]

      Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

**Blackburn, J.**

    Applicant, David Sidney Triggs, is in the custody of the Colorado Department of

Corrections (CDOC) and is incarcerated at the Fremont Correctional Facility in Canon

City, Colorado. Mr. Triggs has filed an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 [#1][2] challenging the validity of his criminal convictions in

the District Court of Larimer County, Colorado. He has paid the $5.00 filing fee.

    In a December 10, 2013 order, Magistrate Judge Boyd N. Boland directed

Respondents to file a pre-answer response addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

---

[1]Warden Lou Archuleta was added as a Respondent to this action pursuant to a January 8, 2014, Minute Order. (ECF No. 14).

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

U.S.C. § 2254(b)(1)(A).  Respondents submitted a pre-answer response on December 23, 2013.  Applicant filed a reply on January 29, 2014.

I must construe liberally the Application filed by Mr. Triggs because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, I dismiss the Application, in part.

## I.  Background and State Court Proceedings

On February 15, 2006, Mr. Triggs was convicted by a jury on six counts of sexual assault on a child by one in a position of trust (SAC PAT), five counts of sexual assault on a child as part of a pattern of sexual abuse (SAC POT), and four counts of sexual exploitation of a child (SEC), in Larimer County District Court Case No. 04CR1945. [# 11-1, at 2-8, 12].  He was sentenced to 20-year consecutive sentences on each of the SAC PAT counts, and 16 years for each of the SAC POT counts, to run concurrently to each other and to the SAC PAT sentences. [*Id.* at 2-8, 11].  Mr. Triggs was also sentenced to a 12-year term for each of the SEC counts, to run concurrently to each other and to the SAC PAT sentences.  [*Id.*].

The Colorado Court of Appeals affirmed Mr. Triggs' convictions and sentences in *People v. Triggs* (*Triggs I*)*,* No. 06CA1060 (Colo. App. Dec. 24, 2009) (unpublished decision).  [# 11-7].  The Colorado Supreme Court denied Applicant's request for certiorari review on April 26, 2010.  [# 1, at 5].

Mr. Triggs filed a post-conviction motion for reduction of sentence that was denied by the state district court on September 28, 2010. [*Id.*]. Applicant did not file an appeal.

On May 11, 2011 Mr. Triggs filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c), which was denied by the state district court summarily on May 24, 2011. [# 11-1, at 10]. The Colorado Court of Appeals affirmed the district court's order in *People v. Triggs* (*Triggs II*), 11CA1168 (Colo. App. Jan. 17, 2013) (unpublished). [# 11-3]. The Colorado Supreme Court denied certiorari review on September 16, 2013. [# 1, at 31].

Mr. Triggs initiated this action on December 5, 2013. I discern the following claims from the Application:

> (1) the prosecution failed to produce material exculpatory information, in violation of Applicant's due process rights by: (a) failing to disclose information that would impeach its experts, which the trial court purportedly ordered disclosed [# 1, at 42, 43]; and, (b) "suppressing" medical evidence that would have contradicted evidence that Applicant sexually penetrated two of his children, KT[3] and his eldest son[4] (namely, the absence of physical signs of penetration). [*Id.* at 43-44].

> (2) the trial court erroneously excluded a statement by a doctor who examined K.T. after Applicant sexually penetrated her that KT's hymen was still intact. Applicant contends that the statement would have disputed evidence that he sexually penetrated his daughter KT and his eldest son repeatedly. [*Id.* at 42, 43, 56-57].

> (3) Applicant was denied a useful bill of particulars. [*Id.* at 42].

> (4) Applicant's trial counsel was constitutionally ineffective by: (a) failing to "produce a claim of double jeopardy [*id.* at 40]; (b) failing to seek recusal of the trial judge for (i) judicial bias [*id.*] and (ii) failing to declare a mistrial

---

[3]The crime victims are referred to in this order by the initials assigned to each victim by the State of Colorado in the state court proceedings. (*See* ECF No. 11, at 3).

[4]It is not known which victim was the Applicant's eldest son. (*Id.* at 18)

3

based on improper comments made by the prosecution at the prosecution table or during bench conferences, and overheard by the jury [*id.* at 40, 50]; (c) failing to seek a mistrial when a juror notified the court and parties that the jury could hear a bench conference [*id.* at 40]; (d) failing to notify the appropriate authorities of the trial judge's alleged bias [*id.* at 41]; (e) failing to notify the appropriate authorities of the prosecutor's misconduct [*id.*]; (f) filing a Rule 35(b) motion that allegedly suggested that Applicant was willing to admit certain sexual assaults, when in fact, Applicant refused to admit crimes for which he was actually innocent [*id.*]; and, (g) failing to call "at least two crucial defense witnesses" [*id.*].

(5) The prosecutor engaged in misconduct by: (a) making improper "extra-judicial" comments at the prosecution table, which were overheard by the jury [*id.* at 42]; (b) making improper comments overheard by the jury during bench conferences [*id.* at 40, 50-52]; (c) violating several federal statutes [*id.* at 44-46]; and, during closing argument (i) expressing "community sentiment of sexual offenders in back yards of the community; (ii) expressing personal opinions about Applicant's character; and, (iii) misstating the trial evidence [*id.* at 50].

(6) The trial court erroneously denied a challenge for cause to juror R, in violation of Applicant's rights under the First, Fourth, Sixth, Eighth and Fourteenth Amendments, due process and ethical rules.  [*Id.* at 46-48, 51].

(7) The trial court violated Applicant's rights to due process and a fair trial by an impartial jury by permitting the jury to be exposed to "extraneous information"–namely, comments made during bench conferences–and failing to conduct a "post trial audit" or other investigation into jury exposure to extraneous information.  [*Id.* at 50-52].

(8) The trial court failed to ensure, via the verdict forms or otherwise, that the verdicts were unanimous on the act supporting each conviction, in violation of due process.  [*Id.* at 49].

(9) The trial court committed cumulative error by failing to consider: (a) double jeopardy; (b) admission of "third party hearsay"; and, (c) the fact that improper child-interviewing techniques produced all of the damning (but false and unreliable) evidence against him from his children, in violation of due process.  [*Id.* at 53-56].

(10) Applicant's double jeopardy rights were violated when he was punished once when his parental rights were revoked, and then again with criminal convictions and sentences.  [*Id.* at 57-59].

(11) Applicant is actually innocent of the crimes.  [*Id.* at 38-39; 53-59].

4

(12) The subsection of the sexual exploitation statute under which Applicant was convicted, COLO. REV. STAT. ("C.R.S.") § 18-6-403(3), is unconstitutionally vague. [*Id.* at 35].

## II.  Timeliness of Application

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  [# 11, at 8-9].

## III.  Exhaustion of State Remedies and Procedural Default

Respondents concede that Mr. Triggs exhausted state remedies for claim 1(a), 4(b)(i), 8, and 12. [# 11, at 24-26, 43, 50-51].  Respondents further maintain that the remainder of Applicant's claims, to the extent the claims present federal issues, are barred from federal habeas review based on the doctrines of procedural default and anticipatory procedural default.  [*Id.* at 26-50].

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252

(10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

## IV.  Analysis

6

## A. Claim 1

In claim 1, Mr. Triggs asserts that the prosecution failed to produce material exculpatory information, in violation of his due process rights by: (a) failing to disclose information that would impeach its experts, which the trial court purportedly ordered disclosed [# 1, at 42, 43]; and, (b) "suppressing" medical evidence that would have contradicted evidence that Applicant sexually penetrated two of his children, KT[5] and his eldest son[6] (namely, the absence of physical signs of penetration) [*id.* at 43-44].

### 1. Exhaustion and procedural default

Respondents concede that claim 1(a) is exhausted. [# 11, at 24-26]. Respondents contend, however, that claim 1(b) was not exhausted on direct appeal or in the state post-conviction proceeding. [*Id.* at 26-27].

On direct appeal, Applicant argued that the trial court erred in excluding, as hearsay, a statement made by KT's examining doctor to a social worker, after a post-abuse physical exam, that her hymen was still intact.  [# 11-10, at 44-47].  Applicant did not contend in his opening brief that the prosecution "suppressed" or otherwise prevented him from knowing about the doctor's statement.  [*Id.*].  Indeed, Applicant knew about the statement because he attempted to introduce it at trial.  [*Id.*].  Moreover, Applicant's argument on direct appeal was related to KT and did not assert that the prosecution suppressed evidence contradicting Applicant's penetration of any other

---

[5]The crime victims are referred to in this order by the initials assigned to each victim by the State of Colorado in the state court proceedings. [*See* # 11, at 3].

[6]It is not known which victim was the Applicant's eldest son.  [*Id.* at 18].

child. [*Id.*].  As such, Applicant did not fairly present the issue raised in claim 1(b) to the state appellate courts.

Respondents argue that Mr. Triggs has committed an anticipatory procedural default of claim 1(b) because if he attempted to raise the claim in a new state post-conviction proceeding, it would be dismissed on procedural grounds.

The Colorado Rules of Criminal Procedure provide that in deciding a motion for postconviction relief, "[t]he court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought." *See* Colo. R. Crim. P. 35(c)(3)(VII) (stating that the court shall deny any claim that could have been raised in a prior appeal or post-conviction proceeding); *see also People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted).  Colo. R. Crim. P. 35(c)(3)(VII) is an adequate state procedural ground for rejecting a claim.  *See Burton v. Zavaras*, No. 09-1094, 340 F. App'x 454-55 (10th Cir. Aug. 4, 2009) (unpublished) (applying Colorado's bar against successive claims); *Williams v. Broaddus*, No. 08-1254, 331 F. App'x 560, 563 (10th Cir. May 20, 2009) (unpublished).

I find that Mr. Triggs has procedurally defaulted claim 1(b) and is thus not entitled to have this court review the merits of his claim unless he meets the cause and

prejudice standard or the fundamental miscarriage of justice exception. *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

### 2.  Applicability of exceptions to procedural default

Mr. Triggs argues in his reply brief that his procedural default should be excused because the Colorado Rules of Appellate Procedure limited the length of his opening brief and, therefore, prevented him from raising meritorious issues on appeal. [# 16, at 6-7].   However, a habeas petitioner's failure to comply with a state procedural rule that imposes limitations on the size of an opening brief does not constitute cause for a procedural default. *See Trujillo v. Ploughe*, No. 11-1436, 475 F. App'x 261, 266-67 (10th Cir. 2012) (unpublished) (applying Colorado law).

Mr. Triggs also suggests that his appellate counsel was ineffective in failing to raise the defaulted claim on direct appeal. [*See* # 16, at 6-7].

Appellate counsel's failure to raise a meritorious issue on direct appeal may constitute cause to excuse a procedural default.  *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006).  However, the claim that appellate counsel was constitutionally ineffective must itself be exhausted in the state courts. *Edwards*, 529 U.S. at 453.  Mr. Triggs did not exhaust a claim of ineffective assistance of appellate counsel in the state courts and therefore has procedurally defaulted that claim.

Finally, Applicant raises a claim of actual innocence.  [# 15, at 6].  A habeas petitioner's procedural default will be excused where the petitioner can demonstrate that failure to consider the federal claims will result in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (citing  *McCleskey v. Zant,* 499 U.S.

467, 494 (1991)).  A claim of actual innocence requires an applicant "to support his allegations of constitutional error with *new reliable evidence*–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  *Schlup*, 513 U.S. at 324 (emphasis supplied) (remanding a state prisoner's federal habeas petition for consideration of an actual innocence claim notwithstanding petitioner's procedural default); *see also House v. Bell*, 547 U.S. 518, 537-38 (2006).  The applicant must then demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id.* at 327.  "The Schlup standard is demanding and permits review only in the "'extraordinary' case." *Bell*, 547 U.S. at 538 (quoting *McCleskey*, 499 U.S. at 494) (other internal citation omitted).

Mr. Triggs asserts, in support of his claim of actual innocence, that his children made false statements to social workers and therapists that Applicant engaged in sexual contact with them based on memories that were implanted in the children through suggestive interviewing techniques. [*Triggs I*, # 1, at 38-39, 53-59].  Applicant argued before trial that the victims' statements to therapists and social workers about the sexual abuse should be excluded.  [*See* # 11-7, at 6-14].  The trial court found that the statements were properly admitted as *res gestae* or under §13-25-129, C.R.S.  [*Id.*]. The state trial and appellate courts made express findings that the children's hearsay statements were reliable. [*Id.* at 18-21].  In affirming the trial court's ruling, the state appellate court rejected Applicant's argument that "suggestive interviewing techniques and other factors affect[ed] the children's memories over time." [*Id.* at 19-20].  The Colorado Court of Appeals stated:

10

> First, the [trial] court expressly considered defendant's expert testimony.  It stated, "[T]he Court does not find, from the [expert's] testimony, on the threshold issue of admissibility, that memories were in truth implanted, memories were in fact, in this case, lost or distorted to the point of unreliability, or the interviewing techniques otherwise tainted the statements."  In addition, although the court recognized some problems with leading questions and bringing up topics, it found that the interviews were generally competent and professional.  Further, the defense expert testified that even young children could recall the gist of sexual assault.  The trial court also found that although there were multiple interviews, the statements were generally consistent and corroborated one another.  The trial court further noted that the children had stressful and tumultuous lives, but it did not believe this factor alone outweighed the other indicia of reliability.  In addition, the jury heard the defense expert testify.

[*Id.* at 20-21].

Mr. Triggs has not provided any *new* "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" to exonerate him.  Instead, he relies on information that was available to him before trial.  Accordingly, Applicant has failed to meet the high hurdle necessary to satisfy the actual innocence exception to a procedural default. *See*, *e.g.*, *Garza v. Wyoming State Penitentiary,* No. 13-8032, 528 F. App'x 910, 913-14 (10th Cir. July 2, 2013) (unpublished) (rejecting applicability of actual innocence exception where the petitioner relied on evidence that he had presented to the state district court in a motion for new trial); *McGee v. Rudek*, No. 116241, 458 F. App'x 781, 782 (10th Cir. Feb. 27, 2012) (unpublished) (rejecting applicability of actual innocence exception where evidence relied on by petitioner was known to him before trial).

Claim 1(b) therefore will be dismissed as procedurally barred.

## B.  Claim Two

For his second claim, Mr. Triggs asserts that the trial court erroneously excluded a statement made by a doctor who examined K.T. after Applicant sexually penetrated

her that KT's hymen was still intact.  Applicant contends that the statement would have disputed evidence that he sexually penetrated his daughter KT and his eldest son repeatedly. [# 1, at 42, 43, 56-57].

Respondents argue that Applicant procedurally defaulted claim two because the Colorado Court of Appeals reviewed the unpreserved claim for plain error and concluded that any error did not prejudice Applicant. [# 11, at 29-30].

Applicant asserted on direct appeal that exclusion of the doctor's statement violated his Sixth Amendment right to confrontation. [# 11-10, at 46].  The Colorado Court of Appeals reviewed for plain error[7] because Applicant did not argue "at trial" that the "constitutional right to confrontation required admission of the physician's statement."  [*Triggs I*, # 11-7, at 33].  Instead, Applicant asserted that the physician's statement should have been admitted under Colorado evidentiary rules and as impeachment evidence. [*Id.*].  The state appellate court further found that Applicant was arguing, in essence, that the exclusion of the doctor's statement violated his right to present a favorable defense–a contention that Applicant had also failed to raise in the trial court.  [*Id.* at 34-35].  Reviewing this claim under the federal standard set forth in *Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir. 1997),[8] the Colorado Court of Appeals found:

> In this case, the caseworker testified that the doctor found no evidence
> conclusive of sexual abuse.  This testimony had the same or similar

[7]Under the plain error standard of review, reversal of a criminal conviction is required only if the error "so undermined the fundamental fairness of the trial itself so as to cast serious  doubt on the reliability of the judgment of conviction." *People v. Miller*, 113 P.3d 743, 748–50 (Colo. 2005).

[8]Under *Richmond*, a trial court's exclusion of evidence in a criminal trial my infringe the right to present a defense if (1) the importance of the evidence to the defense outweighs the state's interest in excluding it; and (2) the exclusion denied the defendant fundamental fairness.  122 F.3d at 872.

impact as the doctor's statement that the victim had an intact hymen. Therefore, the statement would not have created reasonable doubt that did not otherwise exist.  We perceive no error which was obvious and substantial, and which so undermined the fundamental fairness of the trial itself as to case serious doubt on the reliability of the judgment of conviction.

[*Id.* at 35-36].

When a state court reviews for plain error an issue forfeited for lack of trial objection, federal habeas review may be procedurally barred.  *See Cargle v. Mullin*, 317 F.3d 1196, 1205-06 (10th Cir. 2003).  The substance of the state's plain error ruling affects the federal habeas court's disposition of a petitioner's claim.  When a "state court . . . den[ies] relief for a federal claim on plain-error review because it finds the claim lacks merit under federal law," that "disposition [is] entitled to § 2254(d) deference because it was a form of merits review." *Cargle*, 317 F.3d at 1206.  On the other hand, if "a state court den[ies] relief for what it . . . assumes to be federal error, because of the petitioner's failure to satisfy some independent state law predicate," "that non-merits predicate would constitute an independent state ground for decision which would warrant application of procedural-bar principles on federal habeas." *Id.*; *see also Douglas v. Workman*, 560 F.3d 1156, 1177-79, 1180 n. 15 (10th Cir. 2009).

A fair reading of the Colorado Court of Appeals' analysis supports the conclusion that the state appellate court did not assume or find a constitutional error.  Instead, the state appellate court concluded that the trial court's exclusion of evidence of the victim's intact hymen did not violate the Applicant's constitutional right to present a defense. Accordingly, the decision is entitled to AEDPA deference and the procedural default rules do not apply. *See Mathews v. Workman*, 577 F.3d 1175, 1186 n. 4 (10th Cir. 2009) (citing *Cargle,* 317 F.3d at 1205-06).  I therefore reject Respondents' argument

that Applicant failed to exhaust state court remedies for claim 2 (as it relates to victim KT).

To the extent Applicant also asserts in claim 2 that the doctor's statement would have rebutted evidence that he sexually penetrated his eldest son, I find that the allegations were not raised on direct appeal or in Applicant's state post-conviction proceeding.  Mr. Triggs therefore has committed an anticipatory procedural default of the additional allegations asserted in claim two because if Applicant attempted to raise them in a new state post-conviction proceeding, the post-conviction motion would be dismissed by the state court on procedural grounds.  *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178 P.3d at 1275; *Vondra*, 240 P.3d at 494-95.  Accordingly, Applicant has committed an anticipatory procedural default of the portion of claim 2 (as it relates to his eldest son).  I further find that Applicant has failed to meet the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default of claim 2 (as it relates to his eldest son) for the reasons discussed in Section IV.A.2, *supra*.  A portion of claim 2 thus will be dismissed as procedurally barred.

## C. Claim Three

In claim 3, Mr. Triggs asserts that he was denied a useful bill of particulars. [# 1, at 42].

Respondents argue, and I so find, that Applicant failed to present this claim on direct appeal or in his state post-conviction proceeding. [# 11, at 30; *see also* ## 11-4, 11-10].

Mr. Triggs has thus committed an anticipatory procedural default of claim 3 because if he attempted to raise the issue in a new state post-conviction proceeding, the motion would be dismissed by the state court.  *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178 P.3d at 1275; *Vondra*, 240 P.3d at 494-95.  Accordingly, Mr. Triggs has committed an anticipatory default of claim 3.  I further find that Applicant has failed to meet the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default of claim 3 for the reasons discussed in Section IV.A.2, *supra*.  Claim 3 will be dismissed as procedurally barred.

## D.  Claim Four

For his fourth claim, Mr. Triggs asserts that his trial counsel was constitutionally ineffective by: (a) failing to "produce a claim of double jeopardy [# 1, at 40]; (b) failing to seek recusal of the trial judge for (i) judicial bias [*id.*] and (ii) failing to declare a mistrial based on improper comments made by the prosecution at the prosecution table or during bench conferences, and overheard by the jury [*id.* at 40, 50]; (c) failing to seek a mistrial when a juror notified the court and parties that the jury could hear a bench conference [*id.*, at 40]; (d) failing to notify the appropriate authorities of the trial judge's alleged bias [*id.* at 41]; (e) failing to notify the appropriate authorities of the prosecutor's misconduct [*id.*]; (f) filing a Rule 35(b) motion that allegedly suggested that Applicant was willing to admit certain sexual assaults, when in fact, Applicant refused to admit crimes for which he was actually innocent [*id.*]; and (g) failing to call "at least two crucial defense witnesses" [*id.*].

### 1.  Exhaustion and procedural default

Respondents concede that claim 4(b)(i) is exhausted. [# 11, at 33].

Respondents contend, however, that Applicant failed to properly exhaust the remaining issue raised in claim 4 in the state courts, and, therefore, he has committed an anticipatory procedural default of claims 4(a), 4(b)(ii), and 4(c) - 4(g).  [*Id.* at 32-33].

In the state post-conviction proceeding, Applicant argued to the Colorado Court of Appeals that trial counsel was ineffective in failing to: seek recusal of the trial judge because of judicial bias; adequately cross-examine a prosecution expert witness; and, in failing to object to certain prosecution statements in closing argument. [# 11-4, at 20-34].  Mr. Triggs further asserted that appellate counsel was ineffective in failing to raise the prosecutorial misconduct claim on direct appeal.  [*Id.* at 34-37].

In *Triggs II*, the Colorado Court of Appeals declined to address Applicant's ineffective assistance of counsel claims, except for the claim concerning judicial bias, on the ground that the claims were not adequately raised in the post-conviction motion before the trial court. [# 11-3, at 9-12].

Failure to present an issue to the state trial court is an adequate ground for denial of relief in the state appellate court.  *See People v. Trujillo*, 169 P.3d 235, 237 (Colo. 2007); *People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) (collecting cases).  Accordingly, I find that Applicant committed an anticipatory procedural default of claims 4(a), 4(b)(ii), and 4(c) - 4(g) by failing to present those issues properly in his state post-conviction proceeding.  If Mr. Triggs attempted to raise the issues in a new state post-conviction proceeding, the motion would be dismissed by the state court on procedural grounds.  *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178 P.3d at 1275; *Vondra*, 240 P.3d at 494-95.  Accordingly, I will not review the merits of claims 4(a), 4(b)(ii), and 4(c) - 4(g) unless Mr. Triggs meets the cause and prejudice standard or

shows the fundamental miscarriage of justice exception. *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

### 2. Applicability of exceptions to procedural default

Mr. Triggs argues in his Reply that his procedural default of claim 4 should be excused because he was denied the assistance of counsel in his state post-conviction proceeding.  [# 16, at 7].

In *Martinez v. Ryan*, __ U.S. ___, 132 S.Ct. 1309 (2012), the Supreme Court held that where a state permits a defendant to challenge the assistance of trial counsel only in a post-conviction proceeding, then the absence of post-conviction counsel, or ineffective assistance of post-conviction counsel, can constitute cause for the habeas petitioner's default of claims of ineffective assistance of trial counsel. 132 S.Ct. at 1318. The petitioner must also show that the underlying ineffective assistance of counsel claim is "substantial" – i.e., has "some merit."  *Id.*  The holding in *Martinez* recognized an exception to the general rule announced in *Coleman* – that habeas petitioners have no constitutional right to post-conviction counsel in the first instance and so deficient performance by whatever counsel they may have ordinarily does not excuse procedural default. *Coleman*, 501 U.S. at 752-55; *see also Martinez*, 132 S.Ct. at 1315.

The rule of *Martinez* applies only when "the State barred the defendant from raising the claims on direct appeal," so that post-conviction proceedings are the petitioner's first opportunity to present the claim.  *Martinez*, 132 S.Ct. at 1320; *see also Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911, 1915 (2013) (extending rule in *Martinez* to circumstances in which state law does not require claims of ineffective assistance of trial counsel to be brought in collateral proceedings, but "make[s] it virtually impossible

17

for an ineffective assistance claim to be presented on direct review" (quotation omitted)).

The Colorado Supreme Court "has expressed a preference for having ineffective assistance of counsel claims brought in Crim. P. 35(c) proceedings." *People v. Thomas*, 867 P.2d 880, 886 (Colo. 1994) (internal citations omitted); *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003) ("In light of the considerations potentially involved in determining ineffective assistance, defendants have regularly been discouraged from attempting to litigate their counsels' effectiveness on direct appeal.")). "Review of a claim of ineffective assistance of trial counsel that is raised on direct appeal is limited to the existing record." *Downey v. People*, 25 P.3d 1200, 1202 n.3 (Colo. 2001) (citing *People v. Blehm*, 983 P.2d 779, 792-93 (Colo. 1999); *see also People v. Apodaca*, 998 P.2d 25, 29 (Colo. App.1999) (citing *Thomas*); *People v. Price,* 240 P.3d 557, 565 (Colo. App. 2010) ("Only 'in rare instances' are ineffective assistance of counsel claims presented so that they 'need no further [factual] development prior to review on direct appeal.'") (quoting *People v. Kelling*, 151 P.3d 650, 655 (Colo. App. 2006)). Upon a careful review of Colorado case law, I find that Colorado requires ineffective assistance of counsel claims to be raised in a post-conviction proceeding unless the claim can be resolved on the record.

At this time, I cannot determine whether the procedurally defaulted ineffective assistance of counsel issues raised in claim four can be resolved on the basis of the record or if they are "substantial." Accordingly, I will defer ruling on whether Mr. Triggs has demonstrated cause for his procedural default, pursuant to *Martinez v. Ryan*, pending the court's receipt of the Respondents' Answer and the state court record.

### E.  Claim Five

In claim 5, Mr. Triggs asserts that the prosecutor engaged in misconduct by: (a) making improper "extra-judicial" comments at the prosecution table, which were overheard by the jury [# 1, at 42]; (b) making improper comments overheard by the jury during bench conferences [*id.* at 40, 50-52]; (c) violating several federal statutes [*id.* at 44-46]; and, during closing argument, by (i) expressing "community sentiment of sexual offenders in back yards of the community; (ii) expressing personal opinions about Applicant's character; and, (iii) misstating the trial evidence. [*Id.* at 50].

Respondents argue, and the record demonstrates, that Applicant raised a claim of prosecutorial misconduct during closing argument in the state post-conviction proceeding, but both the trial court and the Colorado Court of Appeals rejected the claims as an abuse of process under Colo. Crim. P. Rule 35(c)(3)(VII) because the claims could have been raised on direct appeal.  [*Triggs II*, # 11-3, at 10-11; # 11-5, at 4].  As such, claims 5(c)(i), 5(c)(ii) and 5(c)(iii) are procedurally defaulted.

Moreover, Applicant did not raise the substance of claims 5(a) and 5(b) on direct appeal or in the state post-conviction proceeding.  [*See* generally # 11-4, # 11-10].  If he attempted to assert claims 5(a) and 5(b) in a new state-post-conviction motion, the claims would be dismissed.  *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178 P.3d at 1275; *Vondra*, 240 P.3d at 494-95.  Accordingly, Applicant has committed an anticipatory procedural default of claims 5(a), 5(b), and 5(c).  I further find that Applicant has failed to meet the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default of claims 5(a), 5(b), and 5(c), for the reasons discussed in Section IV.A.2, *supra.*  Claim 5 will be dismissed in its entirety.

**F.  Claim Six**

In claim 6, Mr. Triggs asserts that the trial court erroneously denied a challenge for cause to juror R, in violation of his rights under the First, Fourth, Sixth, Eighth and Fourteenth Amendments, due process and ethical rules. [# 1, at 46-48, 51].

Respondents maintain that the court lacks jurisdiction over this claim because under applicable federal law, the state trial court's denial of a for-cause challenge to a venire member who is ultimately excused on a peremptory challenge does not rise to the level of a federal constitutional violation.  [# 11, at 36].  *See Ross v. Oklahoma*, 487 U.S. 81, 88-90 (1988) (erroneous denial of a challenge for cause constitutes reversible error only when a biased juror actually decides the defendant's case); *United States v. Martinez-Salazar*, 528 U.S. 304, 311-16 (2000); *Rivera v. Illinois*, 556 U.S. 148, 160-61 (2009)].   I disagree with Respondents' contention that the court lacks habeas jurisdiction over Applicant's federal claim.  Instead, Respondents' argument addresses the merits of the claim and is premature during the court's preliminary review of the Application.

Respondents contend, in the alternative, that Applicant failed to present claim six to the state courts as a federal constitutional violation in his direct appeal proceeding. [# 11, at 36].

Applicant argued in his opening brief on direct appeal that the trial court "violated [his] constitutional rights to due process and a fair trial when it denied his cause challenge to Juror R." [# 11-10, at 48].   Mr. Triggs then proceeded to rely solely on state law to support his claim.  [*Id.* at 48-52].  Specifically, he relied on *People v. Merrow*, 181 P.3d 319, 320 (Colo. App. 2007), which held that when the denial of a challenge for

cause forces a criminal defendant to exercise a peremptory challenge against the same venireman, and the defendant uses all the peremptory challenges allotted under state law, the defendant is unfairly deprived of one of his allotted peremptory strikes.  *See also People v. Macrander*, 828 P.2d 234 (Colo. 1992) (an erroneous denial of a challenge for cause "is *per se* fatal if the defendant excuses the potential juror through a peremptory challenge and exhausts his remaining peremptory challenges.").  However, *Macrander* expressly declined to follow *Ross v. Oklahoma.  Macrander*, 828 P.2d at 244 n.12.  Furthermore, under federal law, the right to peremptory challenges is "not of constitutional dimension."  *Martinez-Salazar*, 528 U.S. at 311.  Because Mr. Triggs relied on the *Macrander* line of cases to support his claim in *Triggs I* and the state case law expressly refuses to follow *Ross*, I find that Applicant did not exhaust his claim in the state courts as a federal constitutional issue.  Further, the Colorado Court of Appeals in *Triggs I* did not address the claim under federal law. [# 11-7, at 36-40].[9]

If Mr. Triggs attempted to assert claim 6 in a new state-post-conviction motion, the claims would be dismissed.  *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178 P.3d at 1275; *Vondra*, 240 P.3d at 494-95.  Accordingly, Applicant has committed an anticipatory procedural default of claim 6.  Further, I find that Mr. Triggs has failed to meet the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default of claim 6 for the reasons discussed in Section IV.A.2, *supra*.  Claim 6 will be dismissed.

---

[9]Although the Colorado Court of Appeals observed in *Triggs I* that the failure to remove a juror who is biased against the defendant violates the Sixth Amendment's right to a fair trial by an impartial jury [*See* # 11-7, at 37], that observation was not critical to the court's analysis of Applicant's claim because Juror R did not serve on Applicant's jury.  Instead, the juror was dismissed pursuant to Applicant's peremptory challenge.  [*Id.* at 36-37].

### G.  Claim Seven

For his seventh claim, Mr. Triggs contends that the trial court violated his rights to due process and a fair trial by an impartial jury by permitting the jury to be exposed to "extraneous information"–namely, comments made during bench conferences – and failing to conduct a "post trial audit" or other investigation into jury exposure to extraneous information.  [# 1, at 50-52].

Respondents argue, and I so find, that Applicant failed to exhaust state court remedies for claim 7 because the claim was not presented to the Colorado Court of Appeals on direct appeal or raised in Applicant's state post-conviction proceeding. [*See generally* # 11-4, # 11-10].

Mr. Triggs has committed an anticipatory procedural default of claim 7 because if he attempted to assert the claim in a new state-post-conviction motion, it would be dismissed.  *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178 P.3d at 1275; *Vondra*, 240 P.3d at 494-95.  I further find that Applicant has failed to meet the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default of claim 7 for the reasons discussed in Section IV.A.2, *supra*.  Claim 7 will be dismissed.

### H.  Claim Eight

In claim 8, Mr. Triggs asserts that the trial court failed to ensure, via the verdict forms or otherwise, that the verdicts were unanimous on the act supporting each conviction, in violation of due process. [# 1, at 49].

Respondents maintain that claim 8 is not cognizable under § 2254 because the Supreme Court has never held jury unanimity to be a constitutional requirement in state

criminal trials. [# 11, at 40].  *See Johnson v. Louisiana*, 406 U.S. 356, 359 (1972)

("[T]his court has never held jury unanimity to be a requisite of due process of law . . . .

in criminal cases due process of law is not denied by a state law . . . which dispenses

with the necessity of a jury of twelve, or unanimity of the verdict.") (internal quotations

and citation omitted).  Similarly, the Supreme Court has stated that "different jurors may

be persuaded by different pieces of evidence, even when they agree upon the bottom

line.  Plainly there is no general requirement that the jury reach agreement on the

preliminary factual issues which underlie the verdict."  *Schad v. Arizona*, 501 U.S. 624,

631-32 (1991).

Mr. Triggs argued in his opening brief on direct appeal that his constitutional right

to a unanimous jury verdict was violated when the trial court failed to ensure that the

jury agreed on the acts that supported each conviction.  [# 11-10, at 55-56].  Applicant

cited federal case law in support of his claim.  [*Id.* at 56].  As such, he fairly presented

his claim as a constitutional issue to the state appellate court.  That his argument may

be without merit does not affect his satisfaction of the exhaustion requirement.

Accordingly, I reject Respondents' contention that claim 8 raises an issue that is not

cognizable under § 2254.

In the alternative, Respondents concede that Mr. Triggs exhausted state court

remedies for claim 8.  Accordingly, claim 8 is not subject to dismissal at this time.

## I.  Claim Nine

For his ninth claim, Mr. Triggs asserts that the trial court committed cumulative

error, in violation of his federal due process rights, by failing to consider: (a) double

jeopardy; (b) admission of "third party hearsay"; and, (c) the fact that improper child-

interviewing techniques produced all of the damning (but false and unreliable) evidence against him from his children, in violation of due process. [# 1, at 53-56].

Respondents argue that claim 9 should be dismissed because the sub-claims are pleaded insufficiently. [# 11, at 43-44]. In the alternative, Respondents contend that claim 9 is procedurally barred because Applicant failed to raise the same cumulative error claim in his direct appeal proceeding. [*Id.* at 44-47].

Rule 2(c)(2) of the Rules Governing § 2254 Cases in the United States District Courts requires that the petition state the grounds supporting each claim for relief. The federal habeas court is not required to search the record for constitutional error; it is the applicant's duty to point to a "real possibility" of such error. *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (citing Advisory Committee Notes to Rule 4, Rules Governing § 2254 Cases); *see also Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

I find that claim 9(a), which asserts that the trial court failed to consider "double jeopardy" is unduly vague. At best, this claim appears to be duplicative of claim 10, which I address below. Therefore, claim 9(a) will be dismissed summarily under Rule 4 of the Rules Governing Section 2254 Cases. *See Blackledge*, 431 U.S. at 75 n.7.

Claims 9(b) and (c) warrant closer scrutiny. Although claim 9(b) does not contain any supporting factual allegations, the basis of this claim is gleaned from a review of Applicant opening brief on direct appeal. Mr. Triggs argued to the state appellate court that the trial court erroneously admitted hearsay statements of child abuse under §13-25-129(1), C.R.S., when the state did not charge him under §18-6-401, C.R.S. [# 11-10, at 15-34]. However, Applicant relied solely on state law and did not apply federal

constitutional law to the facts of his claim.  [*Id*.].  Alleged violations of state law are not

cognizable on federal habeas review.  A federal habeas court is limited to deciding

whether a conviction "violat[ed] the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).  *See Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011)

("We have stated many times that 'federal habeas corpus relief does not lie for errors of

state law,'" quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) (other internal

quotations and citation omitted).

　　　In arguing on direct appeal that the hearsay statements were not "reliable,"

Applicant did make a passing reference to *Crawford v. Washington*, 541 U.S. 36 (2004)

and the Sixth Amendment to the United States Constitution.  [# 11-10, at 24].  He also

made a conclusory argument that he was deprived of his right to due process and a fair

trial.  [*Id.* at 34].  However, Mr. Triggs did not expressly rely on *Crawford's* holding[10] or

any other federal constitutional  jurisprudence in his analysis of the trial court's errors.

Indeed, Appellant's lengthy argument about the unreliability of the hearsay statements

does not comport with *Crawford*'s holding that reliability is no longer a factor in the

analysis of whether a defendant's confrontation rights are violated by the admission of

hearsay statement. Further, Applicant's conclusory assertion that he was deprived of

"due process" and a "fair trial" did not alert the state appellate court that he was

presenting a federal, rather than a state law, claim.  *See Duncan v. Henry*, 513 U.S.

364, 365 (1995) (recognizing that state courts must be "alerted to the fact that the

prisoners are asserting claims under the United States Constitution.") (per curiam);

---

[10]The Supreme Court held in *Crawford* that out-of-court statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless the witnesses are unavailable and the defendant had a prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by court.  541 U.S. at 54.

*Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (there is nothing inherent in the term "ineffective assistance" indicating that it was a federal, as opposed to a state-law claim). I find that the substance of claim 9(b) was not presented to the state court in a manner sufficient to put it on notice of the federal constitutional claim. *Picard*, 404 U.S. at 278. Indeed, the Colorado Court of Appeals did not perceive a federal claim in *Triggs I*. [*See* # 11-7, at 8-21]. Accordingly, Applicant did not properly exhaust claim 9(b) in the state courts.

In claim 9(c), Mr. Triggs asserts that his due process rights were violated by the fact that improper child-interviewing techniques produced all of the damning (but false and unreliable) evidence against him from his children. Applicant did not raise this issue as a distinct claim on direct appeal or in his state post-conviction proceeding. [*See generally* # 11-4, # 11-10]. Instead, he argued in the direct appeal proceeding that the trial court erred in admitting hearsay testimony of child abuse and in concluding that the hearsay admitted under §13-25-129, C.R.S., was reliable. [# 11-10, at 15-34]. As discussed above with regard to claim 9(b), Applicant's contention that the children's statements were based on suggestive interview techniques was included in that claim, but he did not present the claim to the Colorado Court of Appeals as a federal due process violation. Accordingly, I find that claim 9(c) was not properly exhausted in the state courts .

I next address Mr. Triggs' claim of cumulative error. "In the federal habeas context, a cumulative-error analysis aggregates all constitutional errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *Alverson v.*

*Workman*, 595 F.3d 1142. 1162 (10th Cir.2010) (internal quotation marks and brackets omitted). Applicant did raise a claim of cumulative error on direct appeal. [# 11-10, at 63-64]. However, the claim was not based on alleged federal constitutional violations. Instead, Mr. Triggs presented the substance of claims 9(b) and 9 (c) to the state courts as violations of state law, and did not even raise a double jeopardy claim. Therefore, Mr. Triggs failed to properly exhaust a claim of cumulative constitutional error.

If Mr. Triggs filed a new state post-conviction proceeding to assert claims 9(b) and 9(c) as federal constitutional violations, and a claim of cumulative error based on the federal violations, the claims would be dismissed by the state district court. *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178 P.3d at 1275; *Vondra*, 240 P.3d at 494-95. Accordingly, Mr. Triggs has committed an anticipatory procedural default. I further find that Applicant has failed to meet the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default of claims 9(b) and 9(c), individually, and his claim of cumulative error, for the reasons discussed in Section IV.A.2, *supra*. Claim 9 will be dismissed.

**J. Claim Ten**

In claim 10, Applicant argues that his double jeopardy rights were violated when he was punished once when his parental rights were revoked, and then again with criminal convictions and sentences. [# 1, at 57-59].

Respondents argue, and I so find, that Applicant committed an anticipatory procedural default of claim 10 because he did not present the claim to the state courts in *Triggs I* or *Triggs II*. [*See generally* ECF # 11-4, # 11-10]. If Mr. Triggs filed a new state post-conviction proceeding to assert his double jeopardy claim, it would be

dismissed by the state district court.  *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178

P.3d at 1275; *Vondra*, 240 P.3d at 494-95.  Accordingly, Mr. Triggs has committed an

anticipatory procedural default.  I further find that Applicant has failed to meet the cause

and prejudice standard or the fundamental miscarriage of justice exception to excuse

his procedural default of claim 10 for the reasons discussed in Section IV.A.2, *supra*.

Claim 10 will be dismissed.

### K.  Claim Eleven

For his eleventh claim, Mr. Triggs maintains that he is actually innocent of

the crimes. [# 1, at 38-39; 53-59].

Respondents argue that this claim is not cognizable on federal habeas review

because the Supreme Court has never recognized a free-standing claim of actual

innocence.  Instead, actual innocence may serve as a "gateway" through which an

otherwise defaulted claim of constitutional error can be considered.  *See Herrera v.*

*Collins*, 506 U.S. 390, 400, 416-17 (1992) (federal courts will not overturn state

convictions based on actual innocence alone); *see also Schlup*, 513 U.S. at 315.

Respondents' argument addresses the merits of Applicant's claim and is

premature at this time.  I agree, however, with Respondents' alternative argument that

Mr. Triggs committed an anticipatory procedural default of claim 11 because he did not

raise the claim as a federal constitutional issue in *Triggs I* or *Triggs II*.  [*See generally* #

11-4, # 11-10].  Instead, he presented his arguments to the state appellate court in

*Triggs I* in the context of a claim that the trial court erred in admitting hearsay testimony

of child abuse and in concluding that the hearsay admitted under

§13-25-129, C.R.S., was reliable. [# 11-10, at 15-34].

If Mr. Triggs filed a new state post-conviction proceeding to assert his claim of actual innocence, it would be dismissed by the state district court. *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178 P.3d at 1275; *Vondra*, 240 P.3d at 494-95. Accordingly, Mr. Triggs has committed an anticipatory procedural default. I further find that Applicant has failed to meet the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default of claim 11 for the reasons discussed in Section IV.A.2, *supra*. Claim 11 will be dismissed.

## L. Claim Twelve

Finally, Mr. Triggs asserts in claim 12 that the subsection of the sexual exploitation statute under which he was convicted, §18-6-403(3), C.R.S., is unconstitutionally vague. [# 1, at 35]. Respondents concede that Applicant exhausted state remedies for this claim. [# 11, at 50-51].

## V. RESPONSE DEADLINE

On February 26, 2014, I entered an order [#24] requiring the respondents to respond to the application within three days, as required by 28 U.S.C. § 2243. The respondents filed a motion for extension of time, which was granted. The present order should have been entered before a deadline for a response from the respondents was set. Because this order substantially alters the number of claims to which the respondents are required to respond, I direct that the respondents shall have twenty days from the date of this order in which to file their Answer. That deadline is consistent with both the requirements of 28 U.S.C. § 2243 and the motion [#25] for extension of time filed by the respondents.

## VI. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the following claims are dismissed with prejudice as procedurally barred: claims 1(b), a portion of claim 2 (relating to Applicant's eldest son) 3, 5, 6, 7, 9(b), 9(c), the assertion of cumulative error in claim 9, and claims 10 and 11;

2. That claim 9(a) isdismissed as unduly vague;

3.  That within twenty (20) days of the date of this order, Respondent(s) shall file an Answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Applicant's properly exhausted claims (claims 1(a), a portion of claim 2 (relating to victim K.T.), 4(b)(i), 8, and 12) and further addresses whether the procedurally defaulted ineffective assistance of counsel allegations in claims 4(a), 4(b)(ii), and 4(c) - (g) have substantial merit under *Martinez v. Ryan*;

4.  That within thirty (30) days of the filing of the Answer, Applicant may file a Reply, if he desires; and

5.  That Larimer County is dismissed as an improper Respondent to this action.

DATED at Denver, Colorado, March 3, 2014.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge